NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SHANA S. JONES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

---

Civil Action No. 18-1954 (SRC)

**OPINION**

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Shana S. Jones ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance and supplemental security income benefits, alleging disability beginning May 15, 2012. A hearing was held before ALJ Dennis O'Leary (the "ALJ") on December 5, 2016, and the ALJ issued an unfavorable decision on February 24, 2017. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of February 24, 2017, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations, including that she is limited to simple and repetitive work with no public contact.  At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of her past relevant work.  At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

At the outset, the Court notes that Plaintiff's brief on appeal contains not one citation, or even reference, to the law.  As for the record, Plaintiff's brief does cite specific points in the ALJ's decision, but the brief has no citations to specific evidence of record.  Plaintiff makes no reference to the legal standard this Court must apply to this case: in brief, this Court must affirm the Commissioner's decision "if there is substantial evidence to support the Commissioner's decision."  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."  McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)). If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

Plaintiff's arguments do not reference the substantial evidence standard. Instead, Plaintiff's arguments, at best, point to small inconsistencies in the ALJ's decision. At no point does Plaintiff reference the substantial evidence standard to argue that an inconsistency constitutes reversible error.

Plaintiff first points out that the ALJ commented that Plaintiff is not totally precluded from all work activity, but does not link this to any argument for reversal under any legal standard.

Plaintiff next shows confusion about the significance of a step two finding of a severe impairment. A finding of severe impairments at step two is independent of determinations made at later steps in the five-step evaluation process.

Plaintiff next raises Plaintiff's difficulties with clear speech and opines that this interferes with training for a new job. Plaintiff does not, however, point to any medical evidence that shows that speech difficulties limit Plaintiff's ability to work.

Finally, Plaintiff opines that Plaintiff is unable to work.

Plaintiff has made no showing that the Commissioner erred and that she was harmed by

3

the error.  Nor has Plaintiff made any showing that the Commissioner's decision is not supported by substantial evidence.  Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that she was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

           s/ Stanley R. Chesler
           STANLEY R. CHESLER, U.S.D.J.

Dated: February 4, 2019